**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILFREDO GONZALEZ-LORA,**

      Petitioner,

  v.                                  **CIVIL ACTION NO. 1:04CV151**
                                            **(Judge Stamp)**

**MR. WENDT, Warden,**

      Respondent.

**REPORT AND RECOMMENDATION/OPINION**

**I. INTRODUCTION**

On July 14, 2004, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting the Federal Bureau of Prisons [BOP] has lodged an illegal INS[1] detainer against him for deportation. The petitioner requests that the Court "issue a declaratory judgment ordering the BOP to un-log the detainer and not to file it back in the future."

On November 15, 2004, the Petitioner filed Motion Requesting Leave to Amend Original 2241 application wherein he requests that the Court determine whether the fact that he filed a N-400 in 1992 qualifies him as a national of this country and whether the deportation order is constitutionally infirm.

This matter is pending before me for Report and Recommendation pursuant to LR PL P

---

[1] "After the terrorists' attacks on the United States on September 11, 2001, the INS was abolished. Its immigration enforcement functions transferred to the Bureau of Immigration and Customs Enforcement ("BICE") in the newly created Department of Homeland Security." Bashorun v. Booker 2005 WL 2133599, *1(E.D.Ky.2005).

83.09. As discussed below, the undersigned recommends that the petition be denied in so far as the petitioner is alleging the detainer is interfering with his rights while incarcerated and transferred to the Third Circuit Court of Appeals regarding the petitioner's challenge to the removal decision.

## II. **FACTS and CONTENTIONS**

The petitioner was convicted in the United States District Court for the Eastern District of Virginia of a drug conspiracy in violation of 21 U.S.C. §846 and 841. On July 23, 1999, the petitioner was sentenced to 292 months imprisonment. At the time of filing the instant petition, the petitioner was incarcerated at FCI-Gilmer.

On May 23, 2000, a deportation hearing was held in Philadelphia, Pennsylvania. At the conclusion of the hearing, an immigration judge found the petitioner removable and ordered him removed to Cuba, or in the alternative, his native country of the Dominican Republic. The petitioner filed an appeal. On December 4, 2000, the Board of Immigration Appeals dismissed his appeal.

On March 2, 2004, the BOP issued a Detainer Action Letter to Immigration & Naturalization Service ["INS"] wherein INS was notified that a detainer had been filed against the petitioner at its request.

The petitioner asserts that the detainer is illegal because in 1992, he underwent the process for naturalization . He further asserts that pursuant to United States v. Morin, 80 F. 3d 124, 126 (4th Cir. 1996), he is a non-citizen national who cannot be deported. The petitioner also claims that the detainer is interfering with his rights while incarcerated in a BOP facility.[2]

The petitioner asserts in his petition that he pursued his administrative remedies "all the way to Regional and Central." By Order entered on October 15, 2004, the Court ordered the petitioner to provide proof that he had exhausted his administrative remedies. The petitioner was to provide

---

[2]The petitioner does not indicate how the detainer is interferring with his prison life.

the proof within 14 days of entry of the Order. The petitioner did not respond to the Order until December 23, 2004. According to the petitioner, his delay in responding to the Court's order was because the Court sent the Order to FCI-Gilmer, instead of FCI-Memphis, his new place of incarceration, which caused his receipt of the Order to be delayed until December 15, 2004.

According to the information submitted by the petitioner in response to the Court's October 15, 2004 Order, on March 19, 2004, he filed a Request for Administrative Remedy Informal Resolution in which he requested that the INS detainer be removed. His request was denied. He then filed a Request for Administrative Remedy. The petitioner was advised by Warden Bledsoe on April 6, 2004, that the BOP "is without authority to lift detainers filed by other agencies unless that agency requests removal of the detainer." Thus, his request was denied. The petitioner then filed a Regional Administrative Remedy Appeal which was denied. Subsequently, he filed a Central Office Administrative Remedy Appeal which was also denied. Now, the petitioner seeks relief in this Court.

### III. ANALYSIS

The Eastern District of Kentucky has succinctly stated as follows regarding a challenge to an INS detainer:

> The law is well established that a prisoner cannot challenge an immigration detainer until he has actually passed into INS custody. This is so for several reasons. First, by its very term, § 2241 relief is available only if the petitioner's current "custody [is] in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2241(c)(3). Additionally, an INS detainer only constitutes a notice that the INS may seek custody of the prisoner in the future; it does not confer custody to the INS. See Kendall v. INS, 261 F.Supp.2d 296, 300-01 (S.D.N.Y.) (noting the petitioner's lawful permanent resident status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including Roldan v. Racette, 984 F.2d 85, 88 (2nd Cir.1993); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988); and Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir.1990)). See also Hernandez v. Lindeman, 2002 WL 31163074 (D.Minn.2002) (unpublished) (same; also relying on Campillo, 853 F.2d at 595).

3

> Because a detainer is only a notice and does not alter the instant prisoner's status as a custodial detainee of the federal prison system, he "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." Campillo, 853 F.2d at 595.

Bashorun v. Booker, 2005 WL 2133599, *2 (E.D.Ky.2005).

If the petitioner were merely challenging the detainer, pursuant to Bashorun the petitioner cannot challenge the INS detainer because he is not in INS custody. Further, with regard to the petitioner's allegations that the detainer is impacting his incarceration, such claim is insufficiently pled because the petitioner has not provided any information regarding how his incarceration has been affected. Moreover, the petitioner has provided no information that he exhausted his administrative remedies regarding the impact the detainer is having on his custody. Federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Based on the information the petitioner has provided to the Court, he has not exhausted his administrative remedies regarding the effects of the detainer. However, in his motion to amend, which the undersigned recommends be granted, it appears the petitioner is challenging his removal from this country because he believes he is a national of this country. Further, a liberal reading of the petition, which the Court is required to do, see Haines v. Kerner, 404 U.S. 519 (1972), reveals that the petitioner is really challenging the decision behind the issuance of the detainer. Thus, the undersigned finds that the petitioner is challenging the final order of removal. Therefore, pursuant to the Real ID Act of 2005, the petition should transferred to the Third Circuit Court of Appeals,. See 8 U.S.C. §1252.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's motion to amend be GRANTED, that his amended petition be filed, and that the petitioner's §2241 petition and amended petition be DENIED IN PART and DISMISSED WITH PREJUDICE regarding the petitioner's challenge to the effects of the detainer on his incarceration because such issue is insufficiently pled and unexhausted. However, the undersigned recommends that the petition, insofar as it challenges the final order of removal, deportation, or exclusion of Petitioner from the United States BE TRANSFERRED TO THE THIRD CIRCUIT COURT OF APPEALS as it is the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252) as amended or under 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101)[3].

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

---

[3]The Court is referred to the May 25, 2005 Memorandum from Noel J. Augustyn of the Administrative Office of the United States Courts addressed to the Clerks, United States Courts of Appeals and Clerks, United States District Courts relative to the Real ID Act of 2005 effective May 11, 2005.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: September 30, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE