IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILFREDO GONZALEZ-LORA,

    Petitioner,

v.                                   Civil Action No. 1:04CV151
                                          (STAMP)

MR. WENDT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING IN PART REPORT**
**AND RECOMMENDATION OF MAGISTRATE JUDGE AND**
**GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

I.  Procedural History

On June 23, 1999, the petitioner was sentenced to 292-months imprisonment for a conviction of drug conspiracy, in violation of 21 U.S.C. §§ 846 and 841. The petitioner was incarcerated at FCI-Gilmer. On May 23, 2000, an immigration judge in Philadelphia, Pennsylvania held a deportation hearing. The immigration judge found that the petitioner was removable and ordered him removed to Cuba, or in the alternative to the Dominican Republic, which is the petitioner's native country. The petitioner appealed the immigration judge's decision to the Board of Immigration Appeals. The Board of Immigration Appeals dismissed the appeal.

On March 2, 2004, the Bureau of Prisons ("BOP") issued a Detainer Action Letter, as requested by the Immigration and Naturalization Services ("INS"). On July 14, 2004, the petitioner, Wilfredo Gonzalez-Lora, appearing pro se, filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This Court referred this civil action to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.  On November 15, 2004, the petitioner filed a motion requesting leave to amend his original § 2241 application.

On September 30, 2005, Magistrate Judge Kaull filed a report recommending that the motion to amend be granted and that the § 2241 petition be denied in part and dismissed with prejudice. Further, the magistrate judge recommended that the petition, insofar as it challenges the final order of removal, deportation or exclusion of the petitioner, be transferred to the United States Court of Appeals for the Third Circuit.

On October 15, 2004, Magistrate Judge Kaull entered an order requiring the petitioner to provide, within fourteen days, information regarding the exhaustion of his claims.  The petitioner responded to that order on December 23, 2004.  He stated that his response was delayed because the Court's order was sent to FCI-Gilmer instead of FCI-Memphis, his new place of incarceration.

The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of his report.  The petitioner filed a motion for extension of time and objections to the report and recommendation on October 27, 2005.

For good cause shown, the petitioner's motion for extension of time to filed objections to the report and recommendation is hereby granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a report and recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent <u>de novo</u> consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in part because the case should be denied without prejudice since petitioner failed to exhaust his administrative remedies regarding his claim that the detainer affected his incarceration.

## II. <u>Discussion</u>

In his § 2241 petition, petitioner contends that the BOP illegally issued a Detainer Action Letter to Immigration & Naturalization Service. He claims that in 1992, he went through the process for naturalization. He further claims that he is a non-citizen national who cannot be deported pursuant to <u>United States v. Morin</u>, 80 F.3d 124, 126 (4th Cir. 1996).

In his report, the magistrate judge first noted that the petitioner cannot challenge the INS detainer because he is not in

3

INS custody. However, the petitioner alleged that the detainer is impacting his incarceration. Thus, the magistrate judge proceeded to consider the petition on its merits.

The magistrate judge first addressed the issue of exhaustion of remedies. The magistrate judge correctly noted that the petitioner has not provided information that he has exhausted his administrative remedies on the issues of the impact the detainer is having on his custody. However, this is not an issue in this case because the magistrate judge correctly read the petitioner's motion to amend as challenging the decision behind the issuance of the detainer. Specifically, the petitioner believes he is a national of this country and that the deportation order should be removed. (Pl.'s Am. Compl. at 3.)

The magistrate judge stated that the petitioner is challenging a final order of removal and that this Court lacks jurisdiction over that issue. District courts do not have jurisdiction to entertain a habeas corpus petition filed under 28 U.S.C. § 2241 that challenges an immigrations judge's final order. <u>Hose v. INS</u>, 141 F.3d 932, 98 (9th Cir. 1998); 8 U.S.C. § 1252. District courts are without jurisdiction to review the validity of deportation orders because the jurisdiction for such an appeal rests exclusively with the Court of Appeals. <u>Garay v. Slattery</u>, 23 F.3d 744 (2d Cir. 1994)(decided under former 8 U.S.C. § 1105(a)). After

reviewing the record, the magistrate judge recommended that petitioner's § 2241 be denied with prejudice.

Accordingly, the magistrate judge concluded that the petitioner's § 2241 application is challenging the decision behind the issuance of the detainer and should be transferred to the Third Circuit Court of Appeals.

The petitioner first objects to the magistrate judge's report and recommendation on the grounds that the magistrate judge erred by concluding that the petitioner is appealing a final order. Second, the petitioner objects that he should be housed within 500 miles of his home or family. He states that the deportation order made him ineligible to be within 500 miles or his home or participate in other programs. Finally, the petitioner objects to the magistrate judge's recommendation that the Third Circuit Court of Appeals has jurisdiction. This Court finds each of the petitioner's objections to be without merit.

First, this Court finds that the magistrate judge correctly determined that the petitioner is challenging a final order of removal. The order is final because the immigration judge's decision was appealed to the Board of Immigration. The Board of Immigration Appeals dismissed the petitioner's appeal.

Second, the petitioner alleges that he is being denied rights in jail because of the detainer. The magistrate judge did not make any recommendations pursuant to the petitioner's detainer. The

5

petitioner requests an appeal of the INS's detainer.  Since district courts are without jurisdiction to review validity of deportation orders, the jurisdiction for such appeal rests exclusively with the Court of Appeals.  Garay v. Slattery, 23 F.3d 744 (2d Cir. 1994)(decided under former 8 U.S.C. § 1105(a)).  Accordingly, this Court does not have jurisdiction over the deportation order.

Finally, the petitioner asserts in his objections that the Fourth Circuit Court of Appeals has jurisdiction of the subject matter of the deportation order.  This Court finds that the magistrate judge correctly recommended that the petition should be transferred to the Third Circuit Court of Appeals.  According to 8 U.S.C. § 1252(b)(2), the "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  The immigration judge was located in Philadelphia, Pennsylvania.  Pennsylvania is part of the Third Circuit.  Thus, the Third Circuit Court of Appeals has jurisdiction over this civil action.

When a court lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631 (2005).

This Court finds that it is in the interest of justice to transfer the case to the appropriate forum. According to 8 U.S.C. § 1252, this case could have been brought in the Third Circuit Court of Appeals. Accordingly, this Court transfers this case to the Third Circuit Court of Appeals.

### III. Conclusion

For good cause shown, the petitioner's motion for extension to file objections is GRANTED. After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby AFFIRMS and ADOPTS IN PART the magistrate judge's report and recommendation because the § 2241 petition should be denied without prejudice since the petitioner failed to exhaust his administrative remedies on the issue of the detainer's effect upon his incarceration.[1] Accordingly, this § 2241 petition is DENIED WITHOUT PREJUDICE and this case is TRANSFERRED to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

---

[1] The magistrate judge recommended that the petitioner's § 2241 application should be denied with prejudice.

The Clerk is DIRECTED to transmit copies of this order to the petitioner, to counsel of record herein and to the Clerk of the United States Court of Appeals for the Third Circuit. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    February 3, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE